UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JAKE LEE,                     )
             Plaintiff,      )
                     )
    -against-         )     Civil No. 07-CV-0338C(SR)
                     )
ACCESSORIES BY PEAK, and  )
RAJESH SHAH,          )
           Defendants.  )
-------------------------------------------------------x

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF WILLFUL PATENT INFRINGEMENT

Plaintiff Jake Lee ("Plaintiff") submits herewith his reply to Defendants Accessories By Peak and Rajesh Shah's ("Defendants") opposition to Plaintiff's motion for a partial summary judgment of willful patent infringement. For the following reasons, Plaintiff believes that the motion should be granted as requested.

**I.      DEFENDANTS HAVE ADMITTED INFRINGEMENT AND RECEIVING ACTUAL NOTICE OF THE SAME**

Defendants have failed to deny or to rebut Plaintiff's evidence of infringement of U. S. patent 6,418,936 ("the '936 Patent") in suit, as it is obliged to do under Fed. R. Civ. P. 56(e)(2). Defendants also admit that the 6 Shooter pipe is "an apparent knock-off of the Plaintiff's so-called 'six shooter' pipe." (Deft's Reply Affid., Par. 7). Since the validity and enforceability of the '936 Patent has already been determined by Consent Order, entered by the Court on December 14, 2007, the issue of infringement *per se* of the '936 Patent is now established.  Defendants have also failed to submit "a separate, short, and concise statement of the material facts as to which it is contended there exists a genuine issue to be tried" as required under Local Rule 56.1(b).  Local Rule 56.1(c) provides that "all material facts set forth in the statement required to be served by

the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."  Accordingly, all facts alleged in Plaintiff's Local Rule 56.1 statement of facts not in dispute accompanying its motion for partial summary judgment of willful patent infringement of the '936 Patent, including the fact that Defendants continued to sell infringing products after receiving actual notice that they infringed the '936 Patent, are admitted by the Defendants.

## II.     DEFENDANTS' INFRINGEMENT WAS WILLFUL

### A.     Actual Notice of Infringement was Given to Defendants in March 2003, at the ASD Trade Show in Las Vegas

Plaintiff's affirmative evidence of actual notice of infringement of the '936 Patent includes his own sworn deposition testimony in which he testified that he confronted Defendants at the ASD Trade Show in March 2003, showed him a copy of his patent, and told Defendants "you cannot sell these." (Ex. E to Pltf's. Mot., Depo. of Lee, Tr. at 22-23). Plaintiff's account of this confrontation has been corroborated by his business associate, Robert Macleod, who attended the show and gave a sworn statement in which he confirmed that Plaintiff "handed Shah a copy of his U. S. patent no. 6,418,936," and "warn[ed] Shah that Shah's 6 Shooter pipe infringed the patent and that [Plaintiff] would take legal action against Shah for patent infringement if he continued to sell the product." Macleod further swore that "Shah held the patent in his hand and looked at it before handing it back to [Plaintiff]." (Ex. F to Pltf's. Mot., Decl. of Macleod, Pars. 3, 4).

Defendant Rajesh Shaw admits that he was confronted by "individuals" at the ASD Show in Las Vegas in 2004[1], who "became exercised over his displaying the six-shooter pipe for sale

---

[1] The 2004 date is incorrect. The ASD Trade Show in question took place in March 2003.

and were yelling 'how can you sell this product?'" (Deft's Reply Affid., Par. 8). Defendant, however, "denies that he was shown any patent or letters patent by anyone," (Deft's Reply Affid., Par. 9), but then appears to undercut this assertion by stating that "[a]t best, the Plaintiff gave inadequate notice, and these methods have been held to be inadequate as a matter of law." (*Id*.).

At the very least, Defendant Shaw's version of the events that took place at the ASD Show confirms that he was confronted by two persons who "were exercised" over his selling the infringing 6 shooter pipe. Defendant doesn't say why the two individuals "were exercised" over his selling the pipe, or what reason they gave him for objecting to his sale of that item. Plaintiff's attorney, in his reply affidavit, raises several rhetorical questions concerning the encounter, such as "Why would the Plaintiff be carrying around copies of his letters patent?" (Deft's Reply Affid., Par. 10), or that "Plaintiffs probably did not have letters patent and did not take steps to perfect notice." (Deft's Reply Affid., Par. 11). But that is not evidence of anything. It is purely attorney argument and/or hearsay and should carry no weight in terms of rebuttal evidence to Plaintiff's statements of material fact.

In a similar vein, Plaintiff's substantiated evidence concerning the email he sent to Defendants on February 24, 2004 (see Ex. D to Pltf's. Mot., Decl. of Lee, Par. 2, Ex. 1), is "rebutted" only by Defendant Shaw's convenient explanation that the email might have been deleted, somebody else might have opened it and didn't feel like telling the Defendant, or that Defendant is "not good in computer." (Deft's Reply Affid., Par. 14). But it is telling that Defendant also admits that Plaintiff might have sent the email, or that it was opened and not seen by Defendant. (*Id*.).

Significantly, however, Defendant appears to have admitted that he was informed of the '936 Patent in suit, at least verbally, if not in writing. Defendants state in their answer to

Plaintiff's Interrogatory No. 4, that "Plaintiff failed to bring trademark or patent to attention of Defendants, for example, via legal correspondence. Any warning was verbal and not backed up by written notice with verification." (Ex. G to Pltf's. Mot., Deft's. Resp. to Interrog.  No. 4). Moreover, Defendant Shaw also admits that at the ASD Trade Show in Las Vegas, "two men approached the Defendant, Rajesh Shah, and informed him that they held the patent for the Six Shooter." (Ex. G to Pltf's. Mot., Deft's. Resp. to Interrog.  No. 5). Defendants' Responses to Plaintiff's Interrogatories directly contradicts his testimony concerning the events that took place at the ASD Show, and casts further doubt on his unsupported denial that he was given actual notice of his infringement of the '936 Patent at that time.

### B.   Defendants' Statement of the Legal Requirements for Actual Notice of Infringement is *Not* Correct

Defendants' statement concerning the legal requirements for actual notice of infringement is incorrect and inapplicable to the type of product patent infringement that is involved here. Defendants refer to and rely upon the written notice requirements set forth in 35 U.S.C. § 287(b)(5)(A) as the standard applicable to establish actual notice of patent infringement. It is not. Section 287(b)(5)(A) refers to infringement of a United States process patent under 35 U.S.C. §271 (g), in cases involving the importation of goods made by the patented process in a foreign country. The language of that portion of the statute quoted by Defendants refer specifically to a "product . . . made by a process patented in the United States." (Deft's Reply Affid., Pars. 12, 16). In such circumstances it is understandable that more specific notice of infringement, such as written notice, would be required.

There is no such requirement in connection with infringement of a product patent, however. 35 U.S.C. § 287 (a) provides only that in cases where a patented product is not marked

with the patent number, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." Defendants' positing such requirements as "written certified letter," or "service of a letter by process service," is not only incorrect but unnecessary.

The Federal Circuit set forth the requirements for actual notice of patent infringement under 35 U.S.C. § 287(a) as being "the affirmative communication of a specific charge of infringement by a specific accused product or device." *U.S. Philips Corporation v. Iwasaki Electric Company, Ltd.*, 505 F.3d 1371, 1375 (Fed. Cir. 2007) (citing *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). "The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge of the infringer." *Lans v. Digital Equipment Corporation*, 252 F.3d 1320, 1327 (Fed. Cir. 2001) (citing *Amsted Indus., Inc*., 24 F.3d at 187). Thus, "the purpose of the actual notice requirement is met when the recipient is notified, with sufficient specificity, that the patent holder believes that the recipient of the notice may be an infringer." *Id.*

Defendants' focus on such factors as a writing, certified mail, process service, etc., is irrelevant to the notice requirement, and elevates form over function, since the purpose of the notice is to provide the alleged infringer with an opportunity to avoid further infringement or to contact the patentee about an amicable and early resolution of the potential dispute. *Id*. Defendants were given notice at the ASD Trade Show. Defendants could, at that time, have taken steps either to avoid further infringement or to attempt to reach an amicable resolution of the matter with Plaintiff. But he did not. He took the path of evasion and further infringement

instead, and now seeks to have the Court excuse his failures by relying upon incorrect and irrelevant "requirements" that he has engrafted upon the patent notice function.

### C.      There is No Genuine Issue of Material Fact Concerning Actual Notice

Rule 56(c), Fed. R. Civ. P., provides that a motion for summary judgment should be granted if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. In the Supreme Court case of *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986), the Court held that to create a genuine issue of fact, the nonmovant must do more than present *some* evidence on an issue it asserts is disputed. The Supreme Court stated:

> [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence [of the nonmovant] is merely colorable, or is not significantly probative, summary judgment may be granted.

The Supreme Court's *Anderson* case was discussed by the Federal Circuit in *Avia Group International, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1560 (Fed. Cir. 1988), in which it observed that "a nonmovant must do more than merely raise some doubt as to the existence of a fact; evidence must be forthcoming from the nonmovant which would be sufficient to require submission to the jury of the dispute over the fact." The Federal Circuit further noted that while the movant bears the burden of demonstrating the absence of all genuine issues of material fact, "the burden is not as heavy as some decisions have held." *Id*. The Court further held:

> The moving party need not "produce evidence showing the absence of a genuine issue of material fact"; rather, "the burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." (*Id*.). (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

Besides Defendants' admission of Plaintiff's Local Rule 56.1 statement of facts as to which no genuine issue of fact exists (by failing to submit an opposing statement), indeed, there

is an absence of credible evidence to support Defendants' assertion that they were not given actual notice of infringement of the '936 Patent at the ASD Show. Defendant Shaw's shifting and evasive testimony as to exactly what occurred at the show; Defendants' contradictory responses in Interrogatories Nos. 4 and 5, in which he admits that "any warning was verbal," and that while at the ASD Show "two men approached Defendant . . . and informed him that they held the patent for the Six Shooter;" Defendant Shaw's flimsy excuses concerning the emails sent by Plaintiff; and, significantly, Defendants' reliance on a non-existent written notice requirement as an apparent fallback position; all point to the absence of credible answer to support Defendants' denial of actual notice. On the other hand, there is the clear and unambiguous statement by Plaintiff that he gave Defendants notice of infringement of the '936 Patent at the ASD Show; the sworn statement of Macleod supporting Plaintiff's account; and is the email evidence that has been presented in further support of Plaintiff's account of events.

### D.     Further Evidence of Willfulness Based on Copying

Further evidence of willful infringement is found in Defendants' copying of Plaintiff's patented product. *See L.A. Gear. Inc. v. Thom McAn Shoe Co*., 988 F.2d 1117,1127 (Fed. Cir. 1993) (Infringer's deliberate copying "was strong evidence of willful infringement without any exculpatory evidence to balance the weight."). The striking similarity of the Plaintiff's and Defendants' products is shown in the photographs attached to Ex. C to Plaintiff's motion. Defendant Shaw's admission that his 6 Shooter is an "apparent knock off" of Plaintiff's product (Deft's Reply Affid., Par. 7) supports a finding of willfulness. Moreover, while this motion for partial summary judgment based on patent infringement does not involve the copending issue of Plaintiff's claim for relief based on his "Six Shooter" trademark, it is more than a coincidence that Defendant's infringing tobacco pipe was also given the name "6 Shooter." This clearly

suggests that Defendant, or whoever supplies him with this product, must have known of the existence of Plaintiff's pipe and decided to copy it. That alone should have put Defendants on notice that there might well be a patent on this product, which fact was forcefully brought to Defendants' attention when he was confronted by Plaintiff at the ASD Show.

## III.     CONCLUSION

For all of the reasons given above, Plaintiff's motion for partial summary judgment should be granted.

January 9, 2009                                    Respectfully submitted,

By: s/ Dariush Keyhani
    Dariush Keyhani (DK9673)
    Sidney R. Bresnick (*Pro hac vice*
    admission pending)
    Meredith & Keyhani, PLLC
    81 Linwood Avenue
    Buffalo, New York 14209
    Telephone: (716) 898-8938
    Facsimile: (716) 299-2499
    *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this January 9, 2009, the foregoing Plaintiff's

Reply to Defendant's opposition to Plaintiff's motion for partial summary judgment was

electronically served via CM/ECF on Defendant's counsel of record.

<u>s/Dariush Keyhani</u>
Dariush Keyhani